UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN JEFFREY KEENAN | CIVIL ACTION |
| VERSUS | NO. 11-2589 |
| VITAL RECOVERY SERVICES, INC. | SECTION "C" (3) |

ORDER & REASONS

Before the Court is defendant Vital Recovery Services, Inc.'s Rule 37(D) Motion to Dismiss. Rec. Doc. 83. Having reviewed the record, memoranda of counsel, and the applicable law, the motion is DENIED in part and DISMISSED as MOOT in part for the following reasons.

Defendant alleges that plaintiff did not provide properly verified supplemental responses to interrogatories within seven days as required by the Magistrate Judge's August 22, 2012 Order. Rec. Doc. 70. Defendant additionally contends that plaintiff did not appear for his deposition on September 17, 2012. Rec. Doc. 83.

Plaintiff explains that he was unable to provide his attorneys with signed verification within a week because he was evacuated due to Hurricane Isaac. Rec. Doc. 85. He asserts that he emailed defendant his supplemental responses to interrogatories on August 29, 2012. Rec. Doc. 85. Plaintiff tendered his signed verification of discovery

responses to interrogatories on September 21, 2012. Rec. Doc. 85. Plaintiff further maintains that on September 14, 2012, he requested his deposition to be rescheduled and defendant refused the request. Rec. Doc. 85.

Discovery in the present case shall be completed by March 4, 2013. Rec. Doc. 72. Defendant has not demonstrated why it is unfairly prejudiced by plaintiff's delay in providing signed verification of discovery responses to interrogatories. Defendant mitigated any prejudice to defendant by emailing the responses before the signed verification could be tendered, and he provided justification for the delay in providing mailed, signed verification. Rec. Doc. 85. The Magistrate's October 3, 2012 Order has already disposed of the issue over the scheduling of plaintiff's deposition. Rec. Doc. 86.

Defendant asks that this case be dismissed and that it be awarded all of it's attorney's fees and costs incurred in defending this case. The Court finds defendant's requested relief too severe under the circumstances.

Accordingly,

IT IS ORDERED that defendant's Rule 37(D) Motion to Dismiss is DENIED in PART with respect to plaintiff's verified supplemental responses to interrogatories and its request for dismissal of the case. IT IS DISMISSED as MOOT in with respect to the scheduling of plaintiff's deposition.

THE PARTIES ARE URGED TO PURSUE AMICABLE RESOLUTION OF THIS MATTER ON THE MERITS.

New Orleans, Louisiana, this 20th day of November, 2012.

                                                                  HELEN G. BERRIGAN
                                                                  UNITED STATES DISTRICT JUDGE